**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rooter Hero Phoenix Incorporated, *et al.*, | No. CV-22-00220-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Jordan Beebe, *et al.*, | |
| Defendants. | |

At issue are Defendant Rooter Ranger LLC's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 30), to which Plaintiffs failed to timely respond; Defendants Jordan and Brittany Beebe's Motion to Dismiss Plaintiffs' First Amended Complaint and Motion to Strike (Doc. 31), to which Plaintiffs failed to timely respond; and Defendants Jordan and Brittany Beebe's Motion to Strike Plaintiffs' Second Amended Complaint (Doc. 38), which Defendant Rooter Ranger LLC joined (Doc. 41). The Court resolves these Motions without oral argument. LRCiv 7.2(f).

After Plaintiffs filed their Complaint in this matter on February 10, 2022, and served it on Defendants, Plaintiffs filed a Motion to Amend under Federal Rule of Civil Procedure 15(a). (Doc. 20.) Because Defendants did not oppose the amendment and instead reserved their rights to challenge the claims in the proposed First Amended Complaint (FAC) in a motion to dismiss under Federal Rule of Civil Procedure 12, the Court granted the Motion to Amend.[1] (Doc. 25.) Plaintiffs then filed the FAC on April 21, 2022. (Doc. 26.)

---

[1] In a prior Order (Doc. 7), the Court advised the parties to endeavor not to oppose motions to amend filed prior to the Federal Rule of Civil Procedure 16 Scheduling Conference.

Early in this litigation, the Court entered an Order (Doc. 7) stating that Rule 12(b) motions to dismiss and Rule 12(f) motions to strike are discouraged if the defects that are the subject of the motion can be cured by filing an amended pleading. As such, the Court *required* the parties to meet and confer on this subject prior to the filing of a motion to dismiss or strike.

In conjunction with their Motions to Dismiss (Docs. 30, 31), Defendants filed the required Notice of Certification of Conferral (Doc. 32) in which they explained that counsel for Defendants first provided counsel for Plaintiffs with the grounds for Defendants to seek dismissal of Plaintiffs' claims upon Plaintiffs' filing of the initial Complaint. Counsel for Defendants attempted to meet and confer with counsel for Plaintiffs, as required, but Plaintiffs' counsel declined to participate in the requested meet and confer, instead filing the Motion to Amend (Doc. 20) that, as mentioned above, Defendants did not oppose.

After Plaintiffs filed the FAC, counsel for Defendants again contacted counsel for Plaintiffs to plan a meet and confer to discuss the grounds Defendants had to move to dismiss the FAC, and counsel for Plaintiffs again declined to meet and confer. (Doc. 32.) When Defendants filed their promised Motions to Dismiss (and Notice of Certification of Conferral), Plaintiffs failed to respond, instead filing a Second Amended Complaint (SAC) (Doc. 33).

Counsel for Plaintiffs' failure to participate in the required meet and confer, twice, led to the precise series of events the Court's Order (Doc. 7) sought to avoid. Because counsel for Plaintiffs did not meet and confer with counsel for Defendants regarding the grounds for dismissal Defendants laid out in their Motions to Dismiss, as the Court explicitly required, and instead filed another amended pleading, the Court will strike the SAC as filed in contravention of the Court's Order (Doc. 7).

More importantly, Plaintiffs did not timely respond to the Motions to Dismiss. The filing of an amended pleading does not relieve a plaintiff from the obligation to respond to a Rule 12 motion to dismiss. Instead, Local Rule 7.2(c) provides that the opposing party shall file a responsive memorandum within 14 days of the filing of the motion. Local Rule

7.2(i) states that the Court may deem the failure to file a response to a motion as consent to the granting of the motion. *See Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (*per curiam*).

In recent filings (Docs. 37, 38, 40, 41), Defendants now ask the Court to grant their Motions to Dismiss under Local Rule 7.2(i), and the Court agrees. The Court makes this decision not only because Plaintiffs failed to respond to Defendants' Motions to Dismiss, but also because the Court agrees with each of the grounds of dismissal laid out in Defendants' Motions to Dismiss (Docs. 30, 31).

**IT IS THEREFORE ORDERED** granting Defendant Rooter Ranger LLC's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 30) and dismissing Plaintiffs' claims against Rooter Ranger LLC.

**IT IS FURTHER ORDERED** granting Defendants Jordan and Brittany Beebe's Motion to Dismiss Plaintiffs' First Amended Complaint and Motion to Strike (Doc. 31) and dismissing Plaintiffs' claims against Jordan and Brittany Beebe.

**IT IS FURTHER ORDERED** granting Defendants Jordan and Brittany Beebe's Motion to Strike Plaintiffs' Second Amended Complaint (Doc. 38). The Second Amended Complaint (Doc. 38) is stricken.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment dismissing this case and to close this matter.

Dated this 26th day of May, 2022.

Honorable John J. Tuchi
United States District Judge