**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rooter Hero Phoenix Incorporated, *et al.*, | No. CV-22-00220-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Jordan Beebe, *et al.*, | |
| Defendants. | |

At issue is Defendants Brittany and Jordan Beebe's Motion for Award of Attorneys' Fees and Non-Taxable Expenses (Doc. 44, Mot.), to which Plaintiffs Rooter Hero Phoenix, Inc. and Call Pro's, Inc. filed a Response in opposition (Doc. 52, Resp.) and Defendants filed a Reply (Doc. 54, Reply). The Court resolves Defendants' Motion without oral argument. LRCiv 7.2(f).

## I.    BACKGROUND

Plaintiff Rooter Hero Phoenix, Inc. provides plumbing services and co-Plaintiff Call Pro's, Inc. is its licensing arm. Defendants Jordan and Brittany Beebe are husband and wife who operate Defendant Rooter Ranger, LLC, another plumbing service provider. On February 10, 2022, Plaintiffs, who are represented by counsel, filed a civil action against Defendants raising claims of (1) trademark infringement and unfair competition under the Lanham Act, "15 24 U.S.C. §§ 1116, 1117"; (2) criminal theft under Arizona's criminal code, A.R.S. § 13-1802; (3) conversion of chattel under A.R.S. § 12-542; (4) "extortion

1    criminally and civilly," under no identified legal authority; and (5) "racketeering or pattern
2    of unlawful activities" under Arizona's criminal code, A.R.S. § 13-2314.04.

3          The next day, the Court entered an Order (Doc. 7) stating that motions to dismiss
4    under Federal Rule of Civil Procedure 12(b) "are discouraged if the defect that would be
5    the subject of the motion can be cured by filing an amended pleading." Accordingly, the
6    Court required the parties to "meet and confer prior to the filing of a motion to dismiss . . .
7    to determine whether it can be avoided" and required any party filing a motion to dismiss
8    to separately file a notice of certification of conferral with opposing counsel. (Doc. 7.)
9    Moreover, the Court advised that the "parties shall endeavor not to oppose motions to
10   amend that are filed prior to the Rule 16 Scheduling Conference." (Doc. 7.)

11         On March 30, 2022, Plaintiffs filed a Motion to Amend under Federal Rule of Civil
12   Procedure 15(a). (Doc. 20.) Because Defendants did not oppose the amendment and instead
13   reserved their rights to challenge the claims in the proposed First Amended Complaint
14   (FAC) in a motion to dismiss under Federal Rule of Civil Procedure 12, the Court granted
15   the Motion to Amend. (Doc. 25.) Plaintiffs then filed the FAC on April 21, 2022. (Doc. 26.)

16         Defendants filed Motions to Dismiss the FAC on May 5, 2022. (Docs. 30, 31.) In
17   conjunction with their Motions, Defendants filed the required Notice of Certification of
18   Conferral (Doc. 32) in which they explained that counsel for Defendants first provided
19   counsel for Plaintiffs with the grounds for Defendants to seek dismissal of Plaintiffs' claims
20   upon Plaintiffs' filing of the initial Complaint. Counsel for Defendants attempted to meet
21   and confer with counsel for Plaintiffs, as required, but the record—both at the time and in
22   the briefing on the present Motion for Attorneys' Fees—demonstrates that Plaintiffs' counsel
23   declined to participate in the requested meet and confer, instead filing the Motion to Amend
24   (Doc. 20) that, as mentioned above, Defendants did not oppose. (Docs. 32, 44, 54.)

25         After Plaintiffs filed the FAC, the record also shows that counsel for Defendants
26   again contacted counsel for Plaintiffs to plan a meet and confer to discuss the grounds
27   Defendants had to move to dismiss the FAC prior to Defendants' deadline to file the
28   motion, and counsel for Plaintiffs again declined to timely meet and confer. (Docs. 32, 44,

54.) When Defendants filed their promised Motions to Dismiss (and Notice of Certification of Conferral), Plaintiffs failed to respond, instead filing a Second Amended Complaint (SAC) (Doc. 33).

In the Motions to Dismiss, Defendants demonstrate that Plaintiffs' Lanham Act claim fails because it is time barred and in any event no allegations support the inference of the requisite effect on interstate commerce; Plaintiffs' claims under Arizona's criminal statutes fail because those statutes do not convey a private right of action; Plaintiffs' common law conversion claim fails because it is time barred and in any event no factual allegations support such a claim; Plaintiffs' common law fraud claim fails because Plaintiffs allege third parties, not Plaintiffs, were defrauded; and Plaintiffs' Racketeering Influenced and Corrupt Organizations Act ("RICO") claims fail because Plaintiffs' allegations of Defendants' predicate acts were not acts directed at Plaintiffs and no allegations support the inference that Defendants were an "enterprise." (Docs. 30, 31.)

Plaintiffs' SAC—had the Court let it stand—did not resolve any of these defects. But because counsel for Plaintiffs did not meet and confer with counsel for Defendants—twice—regarding the grounds for dismissal Defendants laid out in their Motions to Dismiss, as the Court explicitly required, and instead filed another amended pleading, the Court struck the SAC as filed in contravention of the Court's Order. (Doc. 42.)

Moreover, Plaintiffs did not respond to the Motions to Dismiss, as required by the Federal Rules of Civil Procedure and Local Rules. As the Court noted in its prior Order (Doc. 42), the filing of an amended pleading does not relieve a plaintiff from the obligation to respond to a Rule 12 motion to dismiss, and Local Rule 7.2(i) states that the Court may deem the failure to file a response to a motion as consent to the granting of the motion. *See Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (*per curiam*). Because the Court agreed with each of the grounds for dismissal laid out by Defendants in their Motions to Dismiss, and Plaintiffs failed to respond, the Court granted the Motions to Dismiss. Implicit in that decision was a finding that Plaintiffs could not cure the defects in their pleading by amendment, and the Court entered judgment and closed this matter. (Doc. 42.)

- 3 -

1    Defendants Brittany and Jordan Beebe now seek their reasonable attorneys' fees

2  and non-taxable costs for defending in this matter.

3  **II.    ANALYSIS**

4    **A.    Eligibility and Entitlement**

5    Defendants argue that they are eligible for and entitled to attorneys' fees on three

6  bases, namely, two of the individual statutes under which Plaintiffs brought failed claims—

7  A.R.S. § 13-2314.04 (civil racketeering) and 15 U.S.C. § 1117(a) (Lanham Act)—and a

8  federal attorneys' fees statute, 28 U.S.C. § 1927, coupled with the Court's inherent powers.

9  (Mot. at 2.) The Court will focus its analysis on the third basis, which applies to and

10 provides Defendants with eligibility for an attorneys' fees award for all of Plaintiffs'

11 claims.

12   Under 28 U.S.C. § 1927, "Any attorney or other person . . . who so multiplies the

13 proceedings in any case unreasonably and vexatiously may be required by the court to

14 satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

15 because of such conduct." The Court also possesses inherent authority to issue sanctions

16 including the costs of attorneys' fees and expenses. *B.K.B. v. Maui Police Dept.*, 27 F.3d

17 1091 (9th Cir. 1091). Under this authority, sanctionable conduct includes that "which

18 abuses the judicial process," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991), and

19 "sanctions are available if the court specifically finds bad faith or conduct tantamount to

20 bad faith," *Fink v. Gomez*, 255 F.3d 989, 994 (9th Cir. 2001). While a finding of

21 recklessness is sufficient for the Court to impose sanctions under 28 U.S.C. § 1927,

22 sanctions under the Court's inherent authority require recklessness combined with "an

23 additional factor such as frivolousness, harassment, or an improper purpose." *Id.* A claim

24 is frivolous when it "is groundless with little prospect of success" and "foreclosed by

25 binding precedent or so obviously wrong as to be frivolous." *Primus Auto. Fin. Servs. Inc.*

26 *v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). In sum, a court's exercise of its inherent

27 sanctioning power is appropriate when there has been "willful disobedience of [a] court

28

order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." *Id.* at 991 (internal quotation omitted).

To begin with, a number of Plaintiffs' claims were frivolous on their face, and counsel for Plaintiffs persisted in attempting to bring them. For example, Plaintiffs' counsel repeatedly brought claims under Arizona's criminal code—in the Complaint, FAC, and SAC—when it is beyond discussion or dispute that criminal statutes do not provide Plaintiffs with a private right of action. Defendants also point out that Plaintiffs' counsel included allegations in the pleadings with the clear purpose of harassing Defendants, such as allegations that non-parties to this lawsuit were spreading "unsubstantiated rumors" that Defendant Jordan Beebe "sexually assaulted a family member." (Doc. 26, FAC ¶ 138.) Moreover, after Plaintiffs' counsel requested leave to file the FAC but before obtaining such leave from the Court, Plaintiffs' counsel filed a "Return of Service on the Arizona Attorney General" based on a prayer in the proposed FAC that the Court order the Arizona Attorney General—a non-party—to launch a criminal investigation into Defendants. (Doc. 21.) Because Plaintiffs' counsel provided no legal basis for the requests, the Court entered an Order striking the Return of Service. (Doc. 23.) In sum, Plaintiffs' counsel not only acted recklessly by unreasonably multiplying these proceedings, but his actions were tantamount to bad faith—that is, lacking an honesty of purpose—where he brought frivolous claims and allegations with the intent to harass Defendants.

The record, as the Court summarized above, also demonstrates that Plaintiffs' counsel willfully disobeyed the Court's order in bad faith or for oppressive reasons. Specifically, Plaintiffs' counsel willfully failed to meet and confer with Defendants' counsel regarding defects in Plaintiffs' pleadings, as required by the Court's Order (Doc. 7), and Plaintiffs' counsel willfully failed to address (or, it appears, even read) Defendants' grounds for dismissing Plaintiff's claims—all of which had merit—before filing amended pleadings, defeating the very purpose of the Court's Order (Doc. 7).

Thus, the Court finds that Plaintiffs' counsel is liable under 28 U.S.C. § 1927 and the Court's inherent authority, and Defendants are eligible for and entitled to reasonable

1    attorneys' fees and untaxable costs under 28 U.S.C. § 1927 and the Court's inherent

2    authority.

3            **B.**       **Reasonableness**

4          The Beebe Defendants seek $37,050.50 in fees and $2,029.78 in non-taxable costs.

5    (Reply at 2.) To determine whether attorneys' fees requested are reasonable, courts apply

6    the lodestar method. *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311

7    (9th Cir. 1990). The lodestar approach consists of two steps. *Welch v. Metro. Life Ins. Co.*,

8    480 F.3d 942, 945–46 (9th Cir. 2007). "First, the court establishes a lodestar by multiplying

9    the number of hours reasonably expended on the litigation by a reasonable hourly rate,"

10   excluding from the requested amount "any hours that are excessive, redundant, or

11   otherwise unnecessary." *Id.* (internal citation omitted). Then, in rare cases, "the district

12   court may adjust the lodestar upward or downward using a multiplier based on facts not

13   subsumed in the initial lodestar calculation." *Id.* (internal citation omitted).

14         In their Motion, Defendants have duly provided the Court with counsel's detailed

15   lodestar records, (Mot. Ex. B), and the other documentation supporting the request for fees

16   and costs as required by Local Rule 54.2 (Mot. Ex. B; Reply Ex. C). In their Response,

17   Plaintiffs do not challenge the reasonableness of Defendants' requested fees and non-

18   taxable costs.

19         Defendants base the requested fee amount on the hourly rates of their counsel, (Mot.

20   Ex. B), and the Court finds those rates do not exceed the market rate and finds no other

21   basis for concluding that the rates are not reasonable. *See* LRCiv 54.2(c)(3); *Kerr v. Screen*

22   *Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Likewise, to the extent the Court could

23   review them, the Court finds the number of hours expended to be reasonable and no

24   redundancy or lack of necessity in the work reportedly completed. The Court also finds no

25   reason to adjust the lodestar upward or downward. *See Kerr*, 526 F.2d at 70.

26         Certain of Defendants' billing entries are redacted, which Defendants report are

27   protected by attorney-client privilege. Even if that is true, without the ability to review the

28   unredacted records under seal, the Court cannot evaluate the work completed that is the

subject of those entries. As a result, the Court will reduce the fee award by the amount reported in redacted entries where those entries were not already discounted or omitted from Defendants' calculation. Totaling 0.3 hours at $460/hour, 1.7 hours at $375/hour, and 6.0 hours at $260/hour, the resulting reduction in the fee award is $2,335.50, bringing the fee total to $34,715.00.

In sum, the Beebe Defendants have demonstrated entitlement to attorneys' fees and non-taxable costs in this matter as well as the reasonableness of the requested amount—which Plaintiffs did not challenge—minus the adjustment indicated above. Moreover, Defendants have complied with Local Rule 54.2 in providing the required supporting documentation. Accordingly, the Court will award Defendants $34,715.00 in reasonable attorneys' fees and $2,029.78 in non-taxable costs, to be paid by Plaintiffs' counsel under 28 U.S.C. § 1927 and the Court's inherent powers.

**IT IS THEREFORE ORDERED** granting in part Defendants' Motion for Award of Attorneys' Fees and Non-Taxable Expenses. (Doc. 44.)

**IT IS FURTHER ORDERED** that Defendants Brittany Beebe and Jordan Beebe are entitled to an award of attorneys' fees in the amount of **$34,715.00**, and an award of non-taxable costs in the amount of **$2,029.78**, plus interest accruing at the statutory rate, to be paid by Plaintiffs' counsel. This case remains closed.

Dated this 25th day of January, 2023.

Honorable John J. Tuchi
United States District Judge